IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN RE: MICHAEL J. VAN LEEUWEN,<br><br>    Debtor/Appellant,<br><br>    v.<br><br>BANK OF AMERICA N.A.,<br><br>    Creditor/Appellee. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-00703<br><br>Judge Robert J. Shelby |

On September 17, 2014, in a bankruptcy proceeding in the District of Utah, an order issued granting Appellee Bank of America, N.A.'s Motion for Relief from an Automatic Stay. Appellant Michael Van Leeuwen appeals from that order to this court under 28 U.S.C. § 158(a)-(b).

For the reasons stated below, the court affirms the bankruptcy court's decision.

## BACKGROUND

Mr. Van Leeuwen filed a Chapter 7 bankruptcy petition on May 21, 2014. *In re Michael J. Van Leeuwen*, Bankr. No. 14-25295 (2014). On June 3, 2014, Bank of America filed a Motion for Relief from Automatic Stay to allow for foreclosure on a note and Deed of Trust associated with real property in Salt Lake City, Utah (the Property). (*In re Michael J. Van Leeuwen*, Dkt. 13.) Mr. Van Leeuwen opposed the motion.

Bank of America based its motion on its possession of a facially valid security interest. At an evidentiary hearing on September 3, 2014, Bank of America's counsel submitted to the bankruptcy court both the note and the Deed of Trust. The note was "blank-indorsed"—meaning

1

it was made payable to the bearer.  No objection was made to the admission of this evidence, though Mr. Van Leeuwen's counsel stated that he and his client would like "an opportunity to at least determine the authenticity of this, quote 'original note'." (*In re Michael J. Van Leeuwen*, Dkt. 48, Transcript of Evidentiary Hr'g. at 4, 11.)  At the close of the hearing, the bankruptcy court concluded that "the bank has shown… a colorable claim" meeting the legal burden for relief from the stay.  (*In re Michael J. Van Leeuwen*, Dkt. 48, Transcript of Evidentiary Hr'g. at 47.)  On September 17, 2014, the bankruptcy court issued a final order granting Bank of America's motion.  (*In re Michael J. Van Leeuwen*, Dkt. 38.)

Van Leeuwen appeals that order to this court.  He raises two issues: whether the order was correct and proper, in light of the evidence presented; and what weight should be given to the evidence offered by Bank of America's counsel at the September 3 evidentiary hearing.

## STANDARD OF REVIEW

Federal district courts enjoy jurisdiction over bankruptcy court appeals.  28 U.S.C. § 158(a).  "The bankruptcy court's decision whether to grant relief from stay is reviewed for an abuse of discretion." *In re Miller*, 666 F.3d 1255, 1260 (10th Cir. 2012).  This court reviews questions of law *de novo*, and any factual findings made by the bankruptcy court for clear error. *In re Utah Aircraft Alliance*, 342 B.R. 327, 331 (B.A.P. 10th Cir. 2006).  Evidentiary rulings are reviewed "for an abuse of discretion, considering the record as a whole." *United States v. Ledford*, 443 F.3d 702, 707 (10th Cir. 2005).

"At a stay hearing, the court merely determines whether the movant has a colorable claim, i.e., a facially valid security interest.  It then should consider whether the objector has raised a colorable defense that, not merely offsets the movant's claim, but actually would defeat the movant's claim." *In re Utah Aircraft Alliance*, 342 B.R. 327, 332 (B.A.P. 10th Cir. 2006).

Relief from a stay is not a final ruling on the enforceability of the claimed security interest. "If a court finds that [a colorable claim] exist[s], this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay." *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33-34 (1st Cir. 1994).

## ANALYSIS

### I. Relief from Stay

In this case, Bank of America has produced a facially valid security interest in the Property, and Van Leeuwen has not raised a colorable defense that would defeat Bank of America's claim.

#### A. Colorable Claim

At the hearing, Bank of America need only have presented a note that was facially valid. Bank of America met this light burden when its counsel submitted to the court a blank-indorsed note.

"When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." UTAH CODE ANN. § 70A–3–205(2). "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." *Id.* § 70A–3–201(2). The holder of a note that is indorsed in blank is entitled to enforce the note. *See id.* § 70A–3–301. Bank of America thus presented a facially valid security interest in the Property.

3

B. **Defenses**

1. Possession of Note

The next question is whether Mr. Van Leeuwen has presented a defense that would defeat Bank of America's colorable claim.

Mr. Van Leeuwen argues that a possessor of a note "must prove chain of possession" to enforce the note. Mr. Van Leeuwen contends that "Utah law is interested in how rights are acquired," and directs the court to UTAH CODE ANN. § 70A-3-203, comment 2, of Utah's version of the Uniform Commercial Code. (Dkt. 7, p. 10.) This language does not support Mr. Leeuwen's argument. Under Utah law, possession of the blank-indorsed note alone is sufficient to make the instrument payable to the bearer. UTAH CODE ANN. § 70A-3-201(2); § 70A-3-205(2); §70A-3-301. The Utah Court of Appeals has confirmed that under Utah law possession of such a note is sufficient to entitle the holder to its enforcement. *Commonwealth Property Advocates LLC v. JP Morgan Chase Bank*, 278 P.3d 618, 619–20 (Utah Ct. App. 2012). This is likely so even if Bank of America is "in wrongful possession of the instrument" because "[a] person [may be] entitled to enforce the instrument even though he is not the owner of the instrument." UTAH CODE ANN. §70A-3-301. This does not defeat Bank of America's colorable claim.

Mr. Van Leeuwen asserts another defense based on a letter he received in 2011 explicitly stating Bank of America did not own the note. But the argument advanced relating to the letter assumes that possession of a blank-indorsed note is insufficient to allow a holder to enforce it, an idea unsupported under Utah law, as discussed above. Further, the 2011 letter does not reflect the series of events that led BAC Home Loans Servicing, LP to merge with Bank of America. The original lender identified on the note was Intermountain Mortgage Company. The note was

then indorsed to Countrywide Bank, National Association ("Countrywide"). Countrywide merged with Bank of America effective April 27, 2009. Countrywide Home Loans Servicing LP changed its name to BAC Home Loans, LP effective April 27, 2009, and merged with Bank of America on July 1, 2011. Therefore, the 2011 correspondence establishes nothing respecting Bank of America's present interest in the note, or its ability to enforce the note.

Mr. Van Leeuwen also disputes that the note presented was original, arguing that it did not contain "indents" from his signature. It is likely that Mr. Van Leeuwen has waived this argument on appeal because of a failure to make a contemporaneous objection during the September 2014 evidentiary hearing. At most, counsel there stated that he and his client would like "an opportunity to at least determine the authenticity of this, quote 'original note'." (*In re Michael J. Van Leeuwen*, Dkt. 48, Transcript of Evidentiary Hr'g. at 4, 11). This was not a formal objection to the note's admission into evidence, however, and the court offered no evidentiary ruling in response. On appeal, the court "does not consider an issue not passed upon below." *Fisher v. Oklahoma Healthcare Authority*, 335 F.3d 1175, 1186 (10th Cir. 2003) (quoting *Walker v. Mather*, 959 F.2d 894, 896 (10th Cir.1992)).

Even if an objection was properly made to the bankruptcy court, admission of the note into evidence was not an abuse of discretion. "Commercial paper, a signature on it, and related documents" are "self-authenticating" and require "no extrinsic evidence of authenticity to be admitted…to the extent allowed by general commercial law." FED. R. EVID. 902(9). Relevant Utah law is in accord, providing that "[i]n an action with respect to an instrument, the authenticity of…each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of the signature is denied in the pleadings, the burden of establishing

validity is on the person claiming validity." UTAH CODE ANN. § 70A-3-308.  The note in question was self-authenticating, and admitting it into evidence was not an abuse of discretion.

    2. Statute of Limitations

Mr. Van Leeuwen's next defense against Bank of America's claim is that the statute of limitations to enforce the note has run.  Mr. Van Leeuwen argues that at least seven years have passed since he made any payments on the loan in question. (Dkt. 7, p. 9.)  Though he cites no authority, Mr. Van Leeuwen suggests that under Utah law Bank of America must bring an action on a writing within six years of the latest default.

It is not clear that a defense based on the statute of limitations was properly raised before the bankruptcy court.  At most, Mr. Van Leeuwen's counsel stated during the evidentiary hearing that "Bank of America has [not] been in any way diligent in representing and presenting its claim against Van Leeuwen." (*In re Michael J. Van Leeuwen*, Dkt. 48, p. 4.)  It is difficult to construe this statement to raise a statute of limitations defense, and a reviewing court "generally will not consider issues on appeal that were not presented below." *In re C.W. Min. Co.*, 740 F.3d 548, 557 (10th Cir. 2014).

Assuming the statute of limitations defense was properly raised before the bankruptcy court, and was not waived, the defense fails.  "[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." UTAH CODE ANN. § 70A-3-118.  The note in question was due on January 31, 2036, and was accelerated on February 23, 2012.  Six years have not passed from either date, and the statute of limitations has not run.

**II. Counsel as Witness**

Mr. Van Leeuwen separately appeals the issue of whether evidence introduced by Bank of America's counsel should be excluded because counsel's testimony was inadmissible. Mr. Van Leewuen argues that counsel violated rules of professional conduct by appearing as a witness, that counsel's testimony was the basis for introducing the evidence, and that the testimony should be discounted and the evidence excluded.

Mr. Van Leeuwen has not established that Bank of America's counsel testified or appeared as a witness, and it is hardly clear that the rules of professional conduct are implicated. But even if counsel appeared or testified improperly, the Federal Rules of Evidence govern the admission of evidence in bankruptcy court evidentiary hearings, not the Utah Rules of Professional Conduct. FED. R. BANKR. P. 9017 ("The Federal Rules of Evidence and Rules 43, 44 and 44.1 F.R.Civ.P. apply in cases under the Code."); FED R. EVID. 1101(A) ("These rules apply to proceedings before…United States bankruptcy and magistrate judges."). Mr. Van Leeuwen has cited no authority for excluding evidence based on a purported violation of the Utah Rules of Professional Conduct. There is no basis for finding evidence inadmissible on these grounds, and accepting the note into evidence was not an abuse of discretion.

## CONCLUSION

Mr. Van Leeuwen has failed to establish that the bankruptcy court abused its discretion when granting Bank of America's motion for relief from the stay. His appeal is therefore **DENIED** and the bankruptcy court's decision is **AFFIRMED**.

SO ORDERED this 23rd day of September, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge